UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY RICHARDS,<br>    Plaintiff,<br><br>v.<br><br><br>GROTON BOARD OF EDUCATION,<br>    Defendant. | CIVIL ACTION NO.<br>3:14-cv-00709 (VLB)<br><br><br><br>August 21, 2015 |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [Dkt. #47]**

Plaintiff, Mary Richards ("Richards"), brings this action against Defendant, Groton Board of Education ("Groton"), for unlawful age discrimination pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, (the "ADEA") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-58 and 46a-60, *et seq.*, (the "CFEPA").[1]

I.   **Background**

On July 27, 2015, approximately a month after discovery closed in this case, Plaintiff filed a Motion for Leave to Amend her Amended Complaint, which seeks to withdraw her claim of age discrimination under the ADEA.  *See* [Dkt. #47 at 1].  Specifically, Plaintiff contends that, "[a]fter having conducted discovery, Plaintiff has determined that the facts in this

---

[1] Plaintiff originally brought ADEA and CFEPA retaliation claims and claims of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, (the "ADA") and the CFEPA.  On March 31, 2015, the Court dismissed these claims.  *See* [Dkt. #39].

1

matter more closely align to those claims which the Court previously dismissed and, respectfully, intends to appeal the Court's dismissal of these claims." [*Id.* at 3]. As a result, "Plaintiff wishes to devote what resources she has to appealing those claims rather than litigating a claim she does not wish to pursue and which Defendant will seek to dispose of on summary judgment." [*Id.*]. Plaintiff's claim under the ADEA is the sole live federal claim in this action.

In response, Defendant requested a pre-filing conference and filed a Motion for Summary Judgment as to Plaintiff's CFEPA claim. *See* [Dkt. ## 47-48]. Defendant has not opposed Plaintiff's Motion for Leave to Amend, and in its summary judgment motion, Defendant stated that it "has no objection to the ADEA claim being amended out of the Complaint" but reserved "its right to move for attorneys' fees and costs on the ground that this action is frivolous." [Dkt. #49-1 at 2].

For the reasons that follow, the Court GRANTS Plaintiff's Motion for Leave to Amend.

II.     Legal Standard

When a plaintiff seeks to withdraw a single claim from a Complaint, one of two Federal Rules applies, Rule 15 or Rule 41. The general consensus among courts appears to be that when a party "only seek[s] to dismiss a particular claim . . . and not the entire action . . . Fed. R. Civ. P. 15, rather than Rule 41(a) . . . is the appropriate device." *Morron v. City of Middletown*, No. 3:05-cv-1705 (JCH), 2006 WL 1455607, at *2 (D. Conn. May

23, 2006) (citing cases and a treatise); *Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122, 129 (D. Conn. 2005) ("[A] plaintiff wishing to eliminate some but not all claims or issues from the action should amend the complaint under Fed. R. Civ. P. 15(a), rather than dismiss under Fed. R. Civ. P. 41(a)."). The Second Circuit has stated that "a district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n. 4 (2d Cir. 1985).

Where, as here, the plaintiff seeks to withdraw a claim after the defendant has filed an answer, *see* [Dkt. # 40], the plaintiff may do so "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "In deciding whether to dismiss a claim under Rule 41(a)(2), the relevant concern is 'whether the dismissal of the action will be unduly prejudicial to the defendants.'" *Fortis Bank, S.A./N.V. (Cayman Islands Branch) v. Brookline Fin. LLC.*, No. 10 Civ. 894 (NRB), 2012 WL 86448, at *2 (S.D.N.Y. Jan. 11, 2012) (quoting *Ferrato v. Castro*, 888 F. Supp. 33, 34 (S.D.N.Y. 1995)). While this inquiry is ultimately left to the sound discretion of the trial court, the Second Circuit offers considerable guidance. *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).

"Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citation and quotation omitted). The first considers whether "the defendant would

3

suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). The second, based on *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), looks at five factors: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Kwan*, 634 F.3d at 230. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Id.*

In instances in which the *Zagano* factors "have little, if any, relevance," such as where there is "no possibility of relitigation at the instance solely of the plaintiff," the district court should apply the legal prejudice test. *Id.*; *see also Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). Otherwise, courts are to apply the *Zagano* factors. *See D'Alto*, 100 F.3d at 283 (finding district court abused its discretion in granting plaintiffs' motion for voluntary dismissal where the court "failed to consider the *Zagano* factors in assessing whether the case had proceeded so far along that the defendant could be prejudiced"). Regardless of the test employed, "[t]he presumption in this circuit is that such motions should be granted absent a showing of substantial prejudice." *U.S. v. Chiu*, 172 F.R.D. 49, 51 (E.D.N.Y. 1997) (citations and quotations omitted).

4

Here, Plaintiff's voluntary withdrawal of her ADEA claim would not appear to bar her unilateral relitigation of the claim.  Thus, the Court applies the *Zagano* factors in granting Plaintiff leave to amend.[2]

## III.   Analysis

In this case, each of the *Zagano* factors militates in favor of granting Plaintiff's motion for leave to amend.

### A.   Plaintiff's Diligence

Plaintiff brings this motion just over a year after she filed her original Complaint and less than a month after the close of discovery in this case.  *See* [Dkt. ## 1, 36].  As Plaintiff explained, it was only after "conducting discovery on her age discrimination claims" that she determined that she did not wish to devote additional resources to further litigate her ADEA claim.  [Dkt. #47 at 3].  Defendant does not suggest any improper delay on Plaintiff's part, nor does the Court find any.

### B.   Undue Vexatiousness

"Vexatiousness implies a degree of ill will or improper motive." *Steward v. Womack Material Handling Sys., Inc.*, No. CV 06-1648, 2009 WL 4891808, at *4 (E.D.N.Y. Dec. 11, 2009).  At most, the Court surmises that Plaintiff's decision to withdraw her sole remaining federal claim while preserving her age discrimination claim under the CFEPA may be motivated, at least in part, by her ability to proceed with her CFEPA claim in Connecticut court.  Connecticut Superior Courts have been very reluctant

---

[2] However, even under the legal prejudice inquiry, the Court finds leave to amend appropriate in this case.  *See infra* at 5-8.

5

to apply the "but-for" cause standard articulated in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) to discrimination claims brought under Connecticut law.  See *Frederick v. Gladeview Health Care Cntr.*, No. CV 116011350, 2014 WL 1876955, at *5 (Conn. Super. Apr. 10, 2014) (declining to apply *Gross* to age discrimination claim); *Wagner v. Bd. of Trs. for Connecticut State Univ.*, No. HHDCV085023775S, 2012 WL 669544, at *12 (Conn. Super. Jan 30, 2012) (same); *Gonska v. Highland View Manor, Inc.*, No. CV 126030032S, 2014 WL 3893100, at *8 (Conn. Super. Jun. 26, 2014) (declining to adopt "but for" test with respect to retaliation claim); *Bissonnette v. Highland Park Market, Inc.*, No. CV-106014088S, 2014 WL 815872, at *4 (Conn. Super. Jan. 28, 2014) (stating belief that "state appellate courts would not choose to follow the 'but for' causation standard . . . in connection with  . . . state antidiscrimination or retaliation statutes"); *Dwyer v. Waterfront Ents., Inc.*, No. CV 126032894S, 2013 WL 2947907, at *7 (Conn. Super. May 24, 2013) ("declin[ing] to adopt a new interpretation under the ADEA").  Indeed, the "applicability of *Gross*" is the primary factor behind Plaintiff's decision to abandon her ADEA claim.  [Dkt. #47 at 3].

However, a motive to have her CFEPA claim heard in Connecticut state court is not vexatious (nor would permitting this cause Defendant to suffer any legal prejudice) since federal courts sitting in diversity, including this one, have similarly declined to apply the *Gross* standard to CFEPA claims.  See *Weber v. FujiFilm Med. Sys. U.S.A., Inc.*, 854 F. Supp. 2d 219,

6

231 n. 7 (D. Conn. 2012); *Hasemann v. United Parcel Serv. of Am.*, No. 3:11-cv-554 (VLB), 2013 WL 696424, at *13 (D. Conn. Feb. 26, 2013); *Herbert v. Nat'l Amusements, Inc.*, 833 F. Supp. 2d 192, 202-03 (D. Conn. 2011).[3]  In addition, Defendant does not object to Plaintiff's motion on this ground. *See* [Dkt. #49-1 at 2 n. 1 ("Defendant has no objection to the ADEA claim being amended out of the Complaint.")]; *S.E.C. v. Lorin*, 869 F. Supp. 1117, 1119 (S.D.N.Y. 1994) (finding defendant would not suffer prejudice where "the defendant [] has made no opposition to the motion").

C.   Progression of Suit

This case has not progressed to a point militating against permitting Plaintiff to withdraw her ADEA claim.  It is barely a year old, and while discovery has been completed and Defendant has filed a motion for summary judgment, the motion was filed *after* Plaintiff moved to amend. *See* [Dkt. ## 47, 49].  In addition, given the dispositive filing, jury selection in this matter is not scheduled to take place until May 3, 2016, nearly a year from now.  *See* [Dkt. #36].  Courts routinely grant voluntary dismissals under such circumstances.  *See Stanley Works v. Alltrade, Inc.*, No. 3:02-cv-1468, 2004 WL 367619, at *3 (D. Conn. Feb. 23, 2004) (granting defendant's motion to voluntarily dismiss counterclaims where case was

---

[3] To be sure, the issue of whether *Gross* applies to age discrimination claims under the CFEPA remains a live issue in both Connecticut and federal courts.  *See DeAngelo v. Yellowbook, Inc.*, No. 3:12-cv-520 (GWC), 2015 WL 1915641, at *13 (D. Conn. Apr. 27, 2015) ("Whether the *Gross* and *Nassar* holdings affect the causation standard of claims under the CFEPA has not been determined by the Connecticut Supreme Court, and the federal courts in this district have not agreed upon a resolution of their own.")

"approximately eighteen months old" and where plaintiff "filed a motion for partial summary judgment"); *Steward*, 2009 WL 4891808, at *4 (E.D.N.Y. Dec. 11, 2009) (granting plaintiff's motion for voluntary dismissal after summary judgment and despite case having "been pending for nearly three years"); *Chu*, 172 F.R.D. at 51 (dismissing case that was "pending for close to three years").

D.   Duplicative Expense of Relitigation

It does not appear that the Defendant will incur significant duplicative expenses in the event it needs to relitigate the withdrawn claim. First, as Defendant acknowledges, it is reasonably likely that Plaintiff "has abandoned her theory of age discrimination," such that relitigation may not take place. [Dkt. #49-1 at 3 n. 2]. Second, to the extent Plaintiff does seek to relitigate the claim, the additional costs to Defendant in connection with this claim would appear to be minimal because the discovery taken regarding Plaintiff's still live age discrimination claim under the CFEPA would seem to substantially overlap with that necessary to defend against her ADEA claim. Third, discovery on all of Plaintiff's live claims, including her ADEA claim, had already closed in this case prior to Plaintiff's motion, and it seems that "the fruits of the [thir]teen months of pretrial discovery can be easily carried over" to any subsequent litigation of this claim. *Steward*, 2009 WL 4891808 at *4 (finding that "use of the discovery obtained here in the [subsequent] proceeding lessens the threat of duplicative expense to the Defendant").

8

E.   <u>Adequacy of Plaintiff's Explanation</u>

Plaintiff's explanation for withdrawal of her ADEA claim is adequate. It was only after discovery had closed that Plaintiff determined such a motion was necessary and appropriate and her decision not to entertain an anticipated summary judgment motion on a claim she no longer seeks to pursue, and to instead appeal the dismissal of her earlier claims, is understandable.

IV.   <u>Conclusion</u>

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to Amend the Amended Complaint.  Plaintiff shall file her Second Amended Complaint, which shall unambiguously abandon her ADEA claim, by <u>September 11, 2015</u>.  Upon Plaintiff's filing of the Second Amended Complaint, the Court will consider whether it will choose to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

IT IS SO ORDERED, ADJUDGED AND DECREED, this 21st day of August 2015, Hartford, Connecticut

                                             _____/s/_____
                                             Vanessa L. Bryant,
                                             United States District Judge